UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   NOT FOR PUBLICATION
ABDULLAH Y. SALAHUDDIN,

                         Plaintiff,

                                          **MEMORANDUM AND ORDER**

      -against-

                                              05-CV-4772 (JG)

ROBERT DENNISON, Chairman;
GEORGE C. JOHNSON, Commissioner;
W. WILLIAM SMITH, JR., Commissioner;
G. KEVIN LUDLOW, Commissioner;
NEW YORK STATE DIVISION OF PAROLE,

                        Defendants.
-----------------------------------------------------------x
A P P E A R A N C E S :

    ABDULLAH Y. SALAHUDDIN
        No. 78-A-1148
        Oneida Correctional Facility
        P.O. Box 4580
        Rome, New York 13442

JOHN GLEESON, District Judge:

       Plaintiff, Abdullah Y. Salahuddin, who is incarcerated in a New York State prison, brings this *pro se* action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, alleging that defendants violated his constitutional rights by denying him parole. Salahuddin's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, this action is dismissed.

## BACKGROUND

       In 1978, Salahuddin was convicted in New York State Supreme Court of murder in the second degree and manslaughter in the second degree and sentenced to prison terms totaling 25 years to life. Salahuddin became eligible for parole in 2001 and has now appeared before the Parole Board on three occasions: in 2001, 2003 and 2005. On all three occasions, Salahuddin was denied parole.

Salahuddin has challenged the Parole Board's 2001 and 2003 decisions in this Court by filing two separate petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The first of these petitions, relating to petitioner's 2001 parole proceedings, was denied by order of this Court dated September 2, 2005. *Salahuddin v. Unger*, No. 04-CV-2180 (JG), 2005 WL 2122594 (E.D.N.Y. Sept. 2, 2005). The second petition, relating to the 2003 parole proceedings, was filed together with this action and is still pending before this Court. *Salahuddin v. Connell*, No. 05-CV-4507 (JG).

Although the instant action is cast as a civil rights action, the substantive allegations contained in the complaint are the same as the factual allegations contained in Salahuddin's pending habeas petition. Indeed, aside from a preliminary statement – in which Salahuddin lists the civil rights statutes on which he relies and the constitutional rights which defendants allegedly violated, Complaint at p. 1 – and paragraphs describing the parties, the basis for federal jurisdiction and the relief Salahuddin seeks, *id.* at ¶¶ 1-7 and 53, and pp. 23-25, the allegations in these two submissions are essentially identical.

The most substantial difference between the two submissions is in the relief requested. In this action, Salahuddin does not expressly request that he be released on parole, but seeks five different types of relief. First, the complaint demands a judgment declaring that the Parole Board's decision in Salahuddin's case was unconstitutional in six different respects and must therefore be "set-aside." Complaint at p. 23. Second, the complaint requests an injunction directing the Parole Board to immediately grant Salahuddin another parole hearing, and to desist from the allegedly unconstitutional practices during that re-hearing. *Id.* at pp. 23-24. Third, the complaint seeks a mandatory injunction directing defendant Dennison to "[r]evise [the Parole Board's] current guidelines to include a guideline range for plaintiff and other inmates ... who

2

have life sentences ... as it is required to do ... by ... Executive Law § 259-(4) (sic)" and to submit the revised guidelines to this Court for approval. Fourth, the complaint demands compensatory damages both from defendants Johnson, Smith and Ludlow for allegedly violating Salahuddin's constitutional rights by "their improper review and evaluation at plaintiff's hearings," and from defendant Dennison for "his failure, after having these constitutional violations brought to his attention through appeal, to correct the clear violation[s] ...." *Id.* at p. 24. Finally, the complaint seeks punitive damages from defendant Dennison, Johnson, Smith and Ludlow.

## DISCUSSION

Section 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, ... fails to state a claim upon which relief may be granted ... or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Because Salahuddin is proceeding *pro se*, his petition and complaint must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the petition "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Pursuant to the dictates of § 1915A, this Court has carefully reviewed Salahuddin's complaint. As explained below, this Court cannot grant any of the relief requested therein.

First, Salahuddin's requests for declaratory relief and an injunction directing defendants to conduct a *de novo* parole release hearing are essentially requests that the Parole Board's decision be reversed. While nominally different from the relief sought in Salahuddin's habeas petition, the practical effect of granting Salahuddin a re-hearing of the sort he requests would be to release Salahuddin on parole. Such relief can only be granted upon a petition for a writ of habeas corpus, not in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that a State prisoner seeking immediate or speedier release must do so by petition for a writ of habeas corpus).

Although this Court could construe this complaint as a habeas petition, there is no need to do so in this case. Salahuddin has already filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which alleges the same constitutional violations that are addressed in the declaratory judgment Salahuddin seeks in this action. *See Salahuddin v. Connell*, No. 05-CV-4507 (JG). Indeed, with the exception of a few paragraphs at the beginning of the complaint and the prayer for relief, the instant complaint is essentially identical to the habeas petition. Therefore, Salahuddin's claims that the Parole Board's decision was unconstitutional and that he should be granted a new hearing will be addressed in the pending habeas proceeding.

Second, this Court cannot grant Salahuddin's request for an injunction directing defendant Dennison to revise the Parole guidelines. Salahuddin does not allege that the current guidelines are unconstitutional, but claims that they violate a State law which allegedly requires

4

that guidelines be established for inmates who are serving life sentences. Complaint at p. 24. In fact, New York law requires only that the Parole Board

> establish written guidelines for its use in making parole decisions as required by law, including the fixing of minimum periods of imprisonment or ranges thereof for different categories of offenders ....

N.Y. Executive L. § 259-c(4). This provision "does not require the establishment of a specific time range" for all categories of offenders. *Matter of Douglas v. Travis*, 290 A.D.2d 903, 904, 737 N.Y.S.2d 165, 166 (3d Dept.), *lv. denied*, 98 N.Y.2d 604, 746 N.Y.S.2d 278 (2002).

The current guidelines, which decline to give a specific range for the most severe offenders "due to the limited number of cases and the extreme variation possible within the category," 9 N.Y.C.R.R. § 8001.3, comply with the requirements of Executive Law § 259-c(4). *Matter of Douglas*, 290 A.D.2d at 904, 737 N.Y.S.2d at 166. Since the Parole Board has performed its legal duty, there is no legal basis "to compel the Board to exercise its judgment in a particular manner." *Id.* (citing *Klostermann v. Cuomo*, 61 N.Y.2d 525, 540, 475 N.Y.S.2d 247, 255 (1984) (a subordinate body cannot be directed how to act in a matter as which it has the right to exercise its judgment). Therefore, this Court cannot grant the mandatory injunctive relief Salahuddin requests.

Finally, this Court cannot grant Salahuddin's request for compensatory or punitive damages. "[P]arole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). In this case, Salahuddin's claims for money damages are expressly based on the defendants' allegedly improper and

unconstitutional exercise of their "quasi-adjudicative function." Salahuddin seeks to recover damages from defendants Johnson, Smith and Ludlow for "their improper review and evaluation at plaintiff's hearings," and against defendant Dennison for his refusal to reverse the other defendants' decision on appeal. Complaint at p. 24. Accordingly, defendants are absolutely immune from Salahuddin's claims for compensatory and punitive damages.

## CONCLUSION

Because defendants are immune from the monetary relief Salahuddin seeks and because the complaint otherwise fails to state a claim upon which relief may be granted, Salahuddin's complaint is dismissed. 28 U.S.C. § 1915A. Salahuddin's demands that the Parole Board's 2003 decision be reversed and that he be granted a new parole hearing or be released will be adjudicated in the separate habeas corpus proceeding which is currently pending before this Court. *See Salahuddin v. Connell*, No. 05-CV-4507 (JG). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-445 (1962).

So Ordered.

s/John Gleeson

_____
JOHN GLEESON, U.S.D.J.

Dated: 11-4, 2005
Brooklyn, New York